UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07-CV-1190 (CEJ) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Commissioner's motion to reverse the decision of the Administrative Law Judge (ALJ) and remand this action, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of plaintiff's physical impairment.

The Commissioner seeks remand to allow the ALJ to state the rationale for the weight granted to all medical source opinion evidence, including the opinion of Dr. Mankowitz. The Commissioner also requests that the ALJ provide a residual functional capacity finding that is supported by the evidence. Finally, the Commissioner anticipates that the ALJ will further develop plaintiff's earnings after the alleged disability onset date of May 15, 2004. The Commissioner filed an answer in this action on September 18, 2007. The Commissioner does not proffer new evidence in support of the motion for remand.

Plaintiff does not oppose the Commissioner's motion.

Sentence four of 42 U.S.C. § 405(g) provides:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

> reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Remands made pursuant to this statute are referred to as "sentence four remands." A sentence four remand is "proper whenever the district court makes a substantive ruling regarding the correctness of the decision of the Commissioner and remands the case in accordance with such a ruling." <u>Buckner v. Apfel</u>, 212 F.3d 1006, 1010 (8th Cir. 2000) (citation omitted). A court can reverse only the findings of the ALJ which are not supported by substantial evidence on the record as a whole. <u>Id</u>. at 1012 (citation omitted).

The Commissioner's request amounts to a concession of possible administrative error which brings into question the correctness of the ALJ's decision. <u>See</u> <u>Morris v. Apfel</u>, 14 F.Supp.2d 1134 (D. Neb. 1998); <u>and</u> <u>Finch v. Apfel</u>, 993 F.Supp. 712 (E.D. Mo. 1997). The Court finds that a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate.

On remand, the ALJ is directed to provide a rationale for the weight granted to all medical source opinion evidence, including the opinion of Dr. Mankowitz. The ALJ is further instructed to provide a residual functional capacity finding that is supported by the evidence. Finally, the ALJ is directed to further develop plaintiff's earnings after the alleged disability onset date of May 15, 2004.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to reverse and remand [# 21] is **granted**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **reversed** and this case is **remanded**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2008.